JOHN W. HANN, RESPONDENT, v. LEE ROY HOFFNAGLE ET AL., APPELLANTS.

Decided March 22, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the appellants, *Lewis T. Stevens.*

For the respondent, *Rex A. Donnelly.*

PER CURIAM.

This appeal is taken by Bird V. Rees, one of the defendants, in a suit brought by the plaintiff upon a promissory note signed by West Wildwood Bakery, the business of which was carried on by the appellant Rees, and Lee Roy Hoffnagle, as partners (the signature being by the latter), and endorsed by a number of persons, Hann being one of them. The note was payable to the order of the Fidelity Trust Company, which discounted it in the usual course of business. Default was made in the payment of the note when it fell due, and Hann thereupon took it up, paying the amount due on it, and brought the present suit against the partnership and all endorsers prior to himself. Rees filed an answer, in which, after admitting the existence of the partnership at the time the note was given, he then asserted that the note was executed by his partner without his knowledge or consent and was discounted by his partner for the latter's own benefit and not for the benefit of the firm. There was a motion to strike out this answer and for the entry of judgment against the defendant. The motion was granted, the court holding that the plaintiff took the note in good faith and for value, without any notice of infirmity in the instrument; that, having obtained it from the Fidelity Trust Company, which was a holder in due course for value, he stood in the place of that company so far as his right to enforce the note against the maker and prior endorsers was concerned. The defendant Rees has appealed from the judgment entered in accordance with this finding.

The fact that the Fidelity company was a holder in due course, and the further fact that the plaintiff had no knowledge of the fact, if it was a fact, that Hoffnagle, who was one of the partners, had appropriated the amount received from the Fidelity company to his own use, are neither of them controverted. This being so, it seems to us that the trial court was entirely·justified in holding that, under the Negotiable Instruments act, the plaintiff was entitled to recover.

Our conclusion is that the judgment under review should be affirmed.